IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARMAINE L. ANDERSON          *
                               *
                               *
    v.                         *     Civil No. – JFM-11-1370
                               *
ALLISON MACFARLAND             *
                            ******

### MEMORANDUM

On October 13, 2011, I entered an order granting defendant's motion to dismiss for failure to state a claim. On October 26, 2011, plaintiff filed an untimely opposition to defendant's original motion. I denied that motion as moot. Thereafter, the Fourth Circuit ruled that I should have treated plaintiff's opposition (entitled "Motion To Not Dismiss, Motion For Judge To Make A Summary Decision, and Motion For Judge To Sanction The Nuclear Regulatory Commission For Spilation Of Evidence") as a motion to reconsider, and remanded the action to this court for further consideration. The Fourth Circuit also indicated in its unpublished opinion that I "may evaluate whether . . . [plaintiff's] July 28, 2006 letter, submitted within an attachment to her motion, justifies setting aside the underlying dismissal order insofar as it alleges that her supervisor's secretary would sabotage her work and that of 'several other Black secretaries.'"

After remand the parties have submitted two further memoranda. I will, as directed by the Fourth Circuit, treat plaintiff's "Motion To Not Dismiss" as a motion for reconsideration and deny it as such.

Plaintiff's "Motion To Not Dismiss" does not meet any other requirements established by Fed. R. Civ. P. 59 to alter or amend the judgment. However, in light of plaintiff's *pro se* status and in light of the Fourth Circuit's directive in its unpublished opinion, I am not denying the

1

motion on that ground.  Rather, I consider whether plaintiff's allegation in her July 28, 2006 letter provides a sufficient basis for denying defendant's motion to dismiss.  It does not.  I note, as an initial matter, that plaintiff never requested that I consider the allegation in ruling upon the motion to dismiss.  More importantly, the decision rendered by the EEOC on November 18, 2010, attached as Exhibit B to defendant's opposition to plaintiff's motion to not dismiss, clearly establishes that plaintiff had abandoned any allegation based upon her supervisor's secretary's alleged actions long ago.  *See Exhibit B*, at 8, referring back to Claims A (1-9) that were withdrawn by plaintiff on January 6, 2006.

      A separate order effecting the ruling in the memorandum is being entered herewith.

Date:   January 11, 2013           ___/s/_____
                                        J. Frederick Motz
                                        United States District Judge